UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE L. YOUNGBLOOD,<br><br>          Plaintiff,<br><br>   vs.<br><br>ESQUERRA, et al.,<br><br>          Defendants. | 1:18-cv-01636-LJO-GSA-PC<br><br>ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915(g) AND DISMISSING ACTION, WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $400.00 FILING FEE IN FULL<br>(ECF Nos. 1, 2.)<br><br>ORDER FOR CLERK TO CLOSE CASE |

## I. BACKGROUND

Jesse L. Youngblood ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. On November 28, 2018, Plaintiff filed the Complaint commencing this action, together with a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF Nos. 1, 2.)

## II. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

1

malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

**III. ANALYSIS**

A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury. Court records reflect that on at least three prior occasions, Plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. See:

(1) Youngblood v. Clark, et al., 1:15-cv-01746-DAD-BAM (PC) (E.D. Cal.) (dismissed August 15, 2017, for failure to state a claim);

(2) Youngblood v. State of Calif., et al., 4:11-cv-04064-PJH (N.D. Cal.) (dismissed March 16, 2012, for failure to state a claim);

(3) Youngblood v. Lamarque, et al., 4:12-cv-04423-PJH (N.D. Cal.) (dismissed February 4, 2013, as frivolous and for failure to state a claim);

(4) Youngblood v. Feather Falls Casino, 4:13-cv-01282-PJH (N.D. Cal.) (dismissed March 29, 2013, as frivolous and for failure to state a claim);

(5) Youngblood v. Evans, et al., 4:13-cv-02097-PJH (N.D. Cal.) (dismissed May 14, 2013, as frivolous and for failure to state a claim);

(6) Youngblood v. Warden, et al., 4:13-cv-04366-PJH (N.D. Cal.) (dismissed November 12, 2013, for failure to state a claim).

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057

n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

The Court has reviewed Plaintiff's Complaint for this action and finds that Plaintiff does not meet the imminent danger exception. See Andrews, 493 F.3d at 1053. In the Complaint, Plaintiff alleges that Defendants have housed other inmates with Plaintiff in his cell while Plaintiff was in the process of requesting single-cell status based on mental health issues. Plaintiff alleges that the presence of a cell mate caused him mental torment and that he is under threat of physical injury. Plaintiff names five cellmates who were housed with Plaintiff in his cell in 2017 and 2018. Plaintiff alleges that one of the cellmates, Dennis Clevenger, was mentally disturbed and "went out assaulting a Police Officer" on June 26, 2018. (ECF No. 1 at 13:22-24.) Plaintiff makes no allegations of threatening behavior against Plaintiff himself by any of the five named cellmates. Plaintiff suggests that he is in imminent threat of serious physical injury because he has not been granted single-cell status and continues to be housed with cell mates who may threaten his mental health and physical safety. However, Plaintiff makes no allegation of a real, present threat against him at the time he filed the Complaint. Plaintiff's allegations of threats against him are merely speculative or hypothetical. Plaintiff has not provided "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin, 319 F.3d at 1050. The Complaint is devoid of any showing that Plaintiff was under imminent danger of serious physical injury at the time he filed the Complaint.

Therefore, Plaintiff may not proceed *in forma pauperis* in this action, and must submit the appropriate filing fee in order to proceed with this action. Accordingly, Plaintiff's motion

to proceed *in forma pauperis* shall be denied, and this action shall be dismissed, without prejudice to refiling with the submission of the $400.00 filing fee in full.

**IV.     CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's motion to proceed *in forma pauperis* in this action, filed on November 28, 2018, is DENIED;
2. This action is DISMISSED, without prejudice to refiling with the submission of the $400.00 filing fee in full; and
3. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:    **December 3, 2018**                    **/s/ Lawrence J. O'Neill**
                                                                UNITED STATES CHIEF DISTRICT JUDGE