UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE L. YOUNGBLOOD, | 1:18-cv-01636-LJO-GSA-PC |
| Plaintiff, | **ORDER GRANTING IN PART REQUEST FOR COPIES (ECF No. 9.)** |
| vs. | |
| ESQUERRA, et al., | **ORDER FOR CLERK TO SEND PLAINTIFF COPY OF HIS APPEAL (ECF No. 5)** |
| Defendants. | |

**I.     BACKGROUND**

Jesse L. Youngblood ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on November 28, 2018, together with a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1).  (ECF Nos. 1, 2.)  On December 3, 2018, the court denied Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915(g) and dismissed the case,

1

without prejudice to refiling the case with the submission of the $400.00 filing fee in full.[1] (ECF No. 3.) On December 14, 2018, Plaintiff filed a notice of appeal. (ECF No. 5.)

On February 6, 2019, Plaintiff filed a request for copies. (ECF No. 9.)

**II.     REQUEST FOR COPIES**

Plaintiff requests copies of a Certificate of Appealability, Certificate of Probable Cause, and his appeal.

Certificates of Appealability and Certificates of Probable Cause ("Certificates") are generally issued to indicate that an attempt to bring an appeal in a habeas proceeding is not frivolous. See Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c). The issuance of these Certificates is not applicable to Plaintiff's case because Plaintiff's appeal concerns a civil rights action under § 1983, and not a habeas proceeding. Therefore, Plaintiff's request for copies of the Certificates is denied.

Plaintiff also requests two copies of his appeal. Plaintiff is advised that the Clerk does not ordinarily provide free copies of case documents to parties. The Clerk charges $.50 per page for copies of documents. See 28 U.S.C. § 1914(a). Copies of up to twenty pages may be made by the Clerk's Office at this court upon written request and prepayment of the copy fees. Under 28 U.S.C. § 2250, the Clerk is not required to furnish copies without cost to an indigent petitioner except by order of the judge.

As a one-time courtesy, Plaintiff shall be provided with a copy of his notice of appeal. However, if Plaintiff requires additional copies from his case file, Plaintiff must submit a written request to the Clerk, prepayment of the copy fees, and submission of a large-enough self-addressed envelope with sufficient postage affixed. **Plaintiff is advised that in the future he should always keep personal copies of any documents he sends to the court.**

///

///

---

[1] The court found that under 28 U.S.C. § 1915(g), Plaintiff was precluded from proceeding *in forma pauperis* because on at least three prior occasions Plaintiff brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and Plaintiff's current Complaint did not meet the imminent danger exception. (ECF No. 3 at 2-3.)

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    Plaintiff's request for copies, filed on February 6, 2019, is granted in part; and

2.    The Clerk of Court is directed to send Plaintiff a copy of his notice of appeal filed on December 4, 2018 (ECF No. 5).

IT IS SO ORDERED.

Dated:    **February 12, 2019**                    **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE