UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE L. YOUNGBLOOD,<br><br>          Plaintiff,<br><br>   vs.<br><br>ESQUERRA, et al.,<br><br>          Defendants. | 1:18-cv-01636-LJO-GSA-PC<br>Appeal case no. 19-15190<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S APPLICATION TO PROCEED ON APPEAL IN FORMA PAUPERIS BE DENIED**<br>**(ECF No. 8.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

**I.    BACKGROUND**

Jesse L. Youngblood ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on November 28, 2018, together with a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1). (ECF Nos. 1, 2.) On December 3, 2018, the court denied Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915(g) and dismissed the case, without prejudice to refiling the case with the submission of the $400.00 filing fee in full.[1] (ECF No. 3.)

On December 14, 2018, Plaintiff filed a notice of appeal. (ECF No. 5.) On February 4, 2019, Plaintiff filed a motion for leave to proceed on appeal *in forma pauperis*. (ECF No. 8.)

---

[1] The court found that under 28 U.S.C. § 1915(g), Plaintiff was precluded from proceeding *in forma pauperis* because on at least three prior occasions Plaintiff brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and that Plaintiff's Complaint did not meet the imminent danger exception. (ECF No. 3 at 2-3.)

1

On February 6, 2019, Plaintiff filed a request for copies and an affidavit in support of his motion to proceed on appeal in forma pauperis.[2] (ECF No. 9.)

## II. MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL

Rule 24(a)(1), Federal Rules of Appellate Procedure, provides:

> (a)(1) Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.

Rule 24(a)(4) and (a)(5) provide:

> (a)(4) The district clerk must immediately notify the parties and the court of appeals when the district court does any of the following:
>
> (A) denies a motion to proceed on appeal in forma pauperis; certifies that the appeal is not taken in good faith; or
>
> (C) finds that the party is not otherwise entitled to proceed in forma pauperis.
>
> (a)(5) A party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4). The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1).

Rule 24 permits the district court to make a determination whether the appeal is taken in "good faith." Fed. R. App. P. 24(a). "Good faith" is demonstrated when the party seeks review of any issue that is not frivolous. Coppedge v. United States, 369 U.S. 438 (1962)). Probable success on appeal need not be shown, and the court's inquiry "is limited to whether the appeal

---

[2] Plaintiff's request for copies shall be resolved by separate order.

involves 'legal points arguable on their merits (and therefore not frivolous).'" Anders v. California, 386 U.S. 738 (1967)).

Plaintiff's motion to proceed on appeal *in forma pauperis* establishes that Plaintiff is unable to pay the appellate filing fee, and Plaintiff claims an entitlement to redress. While the court is satisfied with Plaintiff's showing as to the first two requirements of Rule 24, the court finds Plaintiff's showing as to the third requirement to be insufficient. This is because Plaintiff's affidavit was not attached to his motion, and Plaintiff's documents did not indicate any specific issues or alleged errors that he intends to present on appeal. Plaintiff makes vague allegations that the district court abused its discretion and violated his rights to due process, but Plaintiff makes no statement indicating how the court abused its discretion or what errors he intends to present on appeal. Without such a statement, the court is unable to determine whether the appeal is taken in good faith. Therefore, Plaintiff's motion to proceed on appeal *in forma pauperis* should be denied.

### III. RECOMMENDATIONS AND CONCLUSION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for leave to proceed on appeal *in forma pauperis*, filed on February 4, 2019, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 12, 2019**          **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE